Carlos ACEVEDO–AGUILAR,
Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 10–71949.

United States Court of Appeals,
Ninth Circuit.

---

[*] The Honorable Robert Holmes Bell, District Judge for the U.S. District Court for the Western District of Michigan, sitting by designation.

Submitted March 12, 2013.*

Filed March 20, 2013.

Carlos Acevado–Aguilar, Arleta, CA, pro se.

Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, Oil, Joanna L. Watson, Trial, Ernesto Horacio Molina, Jr., Esquire, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Carlos Acevedo–Aguilar, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reconsider. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir.2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Acevedo–Aguilar's motion to reconsider where the motion did not establish any error of law or fact in the BIA's prior order. *See* 8 C.F.R. § 1003.2(b)(1). We reject Acevedo–Aguilar's contention that the BIA blindly relied on a State

Department report because it is not supported by the record.

We lack jurisdiction to review any challenges Acevedo–Aguilar makes to the BIA's underlying order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture, because this petition is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1); *Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir.2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

